IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lamon Weathers (Y-32586), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 50293 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| David T. Allen, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies Plaintiff's application for leave to proceed *in forma pauperis* [4] and directs him to prepay the full $402 filing fee. If he fails to comply by October 31, 2022, this case will be summarily dismissed. The Court also denies Plaintiff's motion for a preliminary injunction [3] without prejudice as moot given his transfer to the Joliet Treatment Center, *Miller v. Downey*, 915 F.3d 460, 464 (7th Cir. 2019), although it notes that regardless, Plaintiff's speculation about future events does not support his requested relief, *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1019-20 (7th Cir. 2016). In addition, the Court denies Plaintiff's motion for service of process at government expense [5] without prejudice as premature since this case has not advanced to, let alone survived, initial review, and denies Plaintiff's motion for attorney representation [6] without prejudice as contacting a single attorney does not show that he has made a reasonable attempt to locate his own attorney and in any event, nothing suggests that he is unable to address his fee status on his own. Plaintiff must date all submissions. Any additional submissions that are not dated may be stricken. Plaintiff must promptly update his address if it changes while this case is open. If he fails to do so, this case will be subject to dismissal with no further warning.

## STATEMENT

State prisoner Lamon Weathers, who was recently transferred to the Joliet Treatment Center, brought this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 concerning a chain of alleged events that began at the Dixon Correctional Center on October 8, 2021. The Court's first concern is Plaintiff's fee status.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1). ***Waiver of the filing fee is not an option, even if a litigant is in custody***. *See Butler v. Deal*, 794 Fed. App'x 542, 544 (7th Cir. 2020) (the PLRA "forbids outright forgiveness of the obligation to pay the filing fee"). If an inmate cannot prepay the full $402 filing fee, he may request permission to pay the fee over time with monthly installments taken from his trust fund account. This is also known as proceeding *in forma pauperis* (IFP) and results in a $350 filing fee as an administrative fee is not assessed.

An inmate seeking leave to proceed IFP must provide certified trust fund statements and supporting ledgers from each facility where he was housed during the six-month period immediately preceding the submission of the complaint. 28 U.S.C. § 1915(a)(2). He must also complete the Court's IFP application, which requires disclosure of income and assets received in the past twelve months, including gifts from family and friends, government stimulus payments, and all other sources of money. The Court evaluates twelve full months of financial information to determine if an inmate is eligible to proceed IFP. If so, the Court calculates the initial partial filing fee using the inmate's certified trust fund ledgers from the past six months and orders ongoing payments until the inmate pays off his outstanding filing fees.

Plaintiff did not date his IFP application. He is advised that any further submissions that are not dated may be stricken. He provided a trust fund certification dated August 9, 2022, and supporting ledgers from February 9, 2022, to August 9, 2022. As of August 9, 2022, his balance was $166.47 and his average monthly deposit during the prior six months was $196.08. During the entire six-month period covered by his trust fund ledgers, he was aware of the events underlying this lawsuit. Nevertheless, even not accounting for library charges, legal postage, a prayer rug, and the like, his trust fund ledgers reflect $891.82 on discretionary expenses, such as penpal site membership fees, gifts, books, and commissary items, and $1,161.44 in income deposited to his institutional account. The Court also notes that the Clerk's Office received Plaintiff's complaint and other submissions on August 25, 2022. Within about two months before this, Plaintiff's balance was as high as $717.29, and less than one month before this, his balance was as high as $503.82.

Plaintiff also disclosed receipt of $7,500 in settlement proceeds, which is consistent with public records reflecting the Cook County Board of Commissioners' May 12, 2022, approval of a $7,500 settlement in *Weathers v. Colon*, Case No. 19 C 5729 (N.D. Ill.), made payable to the "Sidley Austin LLP Client Trust Account c/o Lamon Weathers." It is the Court's understanding that the proceeds would have been released about a month after the approval. As they are not listed in Plaintiff's trust fund ledgers, it appears that he is holding money in an outside account, which is permissible as "all financial resources available to an inmate" need not "be deposited into his or her trust account" since "[w]hat matters is disclosure." *McWilliams v. Cook Cty., Ill.*, 845 F.3d 244, 247 (7th Cir. 2017). Alternatively, he may have chosen to spend or gift the proceeds.

Plaintiff has failed to establish that he is eligible for the privilege of IFP status. First, during the entire six-month lookback period, Plaintiff was aware of the basis of this lawsuit. However, he chose to spend very substantial amounts of money on discretionary items and gifts. Furthermore, he received an additional $7,500 in settlement proceeds. Plaintiff could have saved a small fraction of this money to cover potential litigation expenses arising from events that had already taken place. However, he instead prioritized personal items and gifts.

The Court is in no position to tell Plaintiff how to spend his money—that is his decision entirely. However, he may not devote enough income to prepay the full fee many times over to commissary items and gifts while he is aware of the facts underlying this lawsuit and then claim

poverty when he is called upon to pay for his litigation. *See Maboneza v. Kincaid*, 798 Fed. App'x 19, 21 (7th Cir. 2020) ("That Maboneza spent his income on phone calls and commissary items does not necessitate a finding of indigence."); *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (holding that inmates are not entitled to prioritize personal spending over their filing fee obligations).

This is the case even though Plaintiff may not currently have cash on hand to pay the full statutory fee given his institutional trust fund balance of $219.47 on August 9, 2022 (although the Court questions whether he still has all or some of the $7,500). As noted above, Plaintiff can choose to spend his money as he deems appropriate, even if it leaves him with insufficient assets to finance this lawsuit. *See Childress v. Kerr*, 803 Fed. App'x 949, 952 (7th Cir. 2020) ("[T]he district court was entitled to conclude that paying for the lawsuit should have been a priority."); *Merritte v. Templeton*, 493 Fed. App'x 782, 784 (7th Cir. 2012) ("The vast majority of Merritte's funds were paid to prison commissaries. Under these circumstances, the district court was permitted to withhold the privilege of proceeding without prepaying a filing fee.").

The Court cannot determine if any of the deposits into Plaintiff's institutional account came from the settlement proceeds or assess any outside accounts given the limited information Plaintiff provided. Regardless, he received thousands of dollars within three months of initiating this litigation about events in late 2021 and chose to make significant discretionary personal expenditures. As the events underlying this lawsuit happened well before Plaintiff received the money at issue, he has not shown that IFP status is appropriate. *See Maboneza*, 798 Fed. App'x at 21 (affirming denial of IFP status to inmate who received and largely spent an average of $200 per month).

Accordingly, the Court denies Plaintiff's IFP application. Plaintiff must prepay the full $402 filing fee by sending a check or money order (made payable to Clerk, United States District Court) to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. His payment should clearly identify his name and the case number assigned to this case. Plaintiff—not the Court—is responsible for making arrangements to pay the fee. If he does not pay by the date specified above, the Court will summarily dismiss this lawsuit.

As Plaintiff thinks about next steps, he should be aware that even if he prepays the full filing fee, this case will not necessarily proceed as his complaint will be subject to initial review and potential dismissal. Regardless of the outcome of this litigation, however, Plaintiff will still be liable for the filing fee.

The Court also notes that Plaintiff receives the basic necessities of life at taxpayers' expense because he is in custody. Fidelity to statutory requirements for the payment of filing fees outweighs an inmate's desire, however understandable, to purchase discretionary personal items. *See Bruce v. Samuels*, — U.S. —, 136 S. Ct. 627, 632 (2016); *see also Hughes v. Anderson*, 829 Fed. App'x 724, 725-26 (7th Cir. 2020) (the district court may, "in an oversight role," monitor an inmate's finances to prevent him from prioritizing his income over his filing fee

3

obligations) (citations omitted). For any future lawsuit Plaintiff might contemplate, if he again receives enough income to pay the full $402 fee while he is aware of the factual basis of his lawsuit and devotes his income to personal items, he almost certainly will not be allowed to pay the filing fee in installments over time. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016).

Date: September 26, 2022          By: _____
                                       Iain D. Johnston
                                       United States District Judge